**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JAMES A. BUTLER | * | |
| Petitioner | * | |
| v | * | Civil Action No. WMN-12-728 |
| | | (Related Civil Action WMN-01-3770) |
| GUNJA | * | |
| Respondent | * | |

\*\*\*

**<u>MEMORANDUM</u>**

The above-captioned action was initiated upon receipt of correspondence from Petitioner concerning assessment of a civil filing fee in Civil Action WMN-01-3770.  ECF No. 1.  The correspondence has been construed as a Petition for Writ of Mandamus.[1]

Petitioner James Butler ("Butler") is a prisoner confined to the Federal Medical Center (FMC) in Rochester, Minnesota.  Butler claims the trust fund officer at FMC, Ms. Hammel, is not complying with this court's order regarding partial payments of the filing fee owed in Civil Action WMN-01-3770.  He states that there is an "encumbrance of $3.21" on his account which has been there for over a year.  Recently an additional $5.00 has been encumbered.   Upon inquiry, Butler was told all funds would be encumbered until all PLRA payments are paid on all orders if funds are over $10.00.   Because the funds are not released Butler's account balance shows nineteen dollars available, making him ineligible for indigent status.[2]  Butler seeks an order from this court requiring the business office at FMC to "forward all funds that [are] encumbered for the Court and do not take funds that do not exceed $10 from [his] inmate trust

---

[1] The correspondence was originally docketed in the closed civil case on July 11, 2011 and treated as a Motion to Compel.  *See Butler v. Gunja*, Civ. Action WMN-01-3770 (ECF No. 59).  That motion will be denied for reasons stated herein.

[2] As an indigent inmate Butler would be entitled to stamps, copies, and over the counter medicine without charge.

account." ECF No. 1 at pp. 1 – 2.  A review of this court's account of the filing fee payments received for Civil Action WMN-01-3770 reflects that the $150 filing fee has an outstanding balance of $51.39.  Copies of the account statement for this case will be provided to Butler for his review.

Butler provides the court with copies of a response to his Request for Administrative Remedy from the Warden of FMC who explains that filing fee payments are not made from a prison account unless the amount exceeds $10.00 and that the first 20 percent of the prior month's deposit would be allocated to the oldest Prison Litigation Reform Act filing fee. Warden Jett concludes that Butler failed to show that staff violated the PLRA by taking money from his account.  ECF No. 1 at p. 5.

Under 28 U.S.C. § 1361 the federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner.    In order to meet the requirements for mandamus relief, a petitioner must show: that he has the clear legal right to the relief sought; that the respondent has a clear legal duty to do the particular act requested; and that no other adequate remedy is available. *See In re First Fed. Savings and Loan Ass'n of Durham*, 860 F.2d 135, 138 (4th Cir. 1988); *Asare v. Ferro*, 999 F.Supp. 657, 659 (D. Md. 1998).  The failure to show any of these prerequisites defeats a district court's jurisdiction under 28 U.S.C. § 1361. *See National Association of Government Employees v. Federal Labor Relations Authority*, 830 F. Supp. 889, 898 (E.D. Va. 1993).  Further, the issuance of a writ of mandamus under § 1361 is an extraordinary remedy and is a matter of judicial discretion. *See Carter v. Seamans,* 411 F.2d 767, 773 (5th Cir. 1969) (citations omitted).  Even if the three prerequisite elements are satisfied, the mandamus remedy lies within the discretion of the trial court. *See Oregon Nat. Resource Council*

*v. Harrell*, 52 F. 3d 1499, 1508 (9th Cir. 1995).  Thus, mandamus cannot be used to compel the performance of discretionary duties of federal government officers, but will lie only to compel ministerial acts.  *See Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995); *Plato v. Roudebush*, 397 F. Supp. 1295, 1304-05 (D. Md. 1975).  A ministerial act is one in which the law prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment. *See Neal v. Regan*, 587 F. Supp. 1558, 1562 (N.D. Ind. 1984).

There is nothing in the PLRA prohibiting prison accounts from being encumbered or mandating funds under the ten dollar amount to be made available to the inmate to spend as he likes. To the extent Butler is not permitted by prison officials to claim indigency status because there is money in his account he cannot spend, his grievance is with that policy. Furthermore, the action about which Butler complains does not run afoul of *Torres v. O'Quinn*, 612 F. 3d 237, 242 (4th Cir. 2010).[3]  The relief sought is not available through a writ of mandamus; therefore, the petition will be denied by separate order which follows.

/s/

  April 4, 2012  
Date

William M. Nickerson  
Senior United States District Judge

---

[3] The *Torres* court held that 28 U.S.C. §1915(b)(2) requires that no more than twenty percent of an inmate's monthly income be deducted to pay filing fees regardless of the total number of cases or appeals pending at any given time.  *Torres,* 612 F. 3d at 242.